UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JASON LESLIE JULIANO, <br><br> Defendant. | No.   2:18-cr-00021-SMJ <br><br> **ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Before the Court is Defendant's petition to vacate, set aside, or correct his sentence of 240 months' imprisonment after pleading guilty to possessing methamphetamine with the intent to distribute and being a felon in possession of a firearm. Defendant alleges his attorneys rendered ineffective assistance by failing to advise him of pending legislation and in failing to move for a reduction in the charge of possession with intent to distribute methamphetamine. For the following reasons, the Court finds that Defendant's first claim, even if accepted as true, does not amount to ineffective assistance of counsel and that the second is foreclosed by Defendant's waiver of the right to appeal his sentence. Because it is clear from the face of the petition that Defendant is entitled to no relief, the Court dismisses it without a response from the Government and without an evidentiary hearing.

## BACKGROUND

On January 24, 2018 Defendant was indicted for possession with intent to distribute fifty grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 1. On June 7, 2018 Defendant pled guilty to both counts. *See* ECF No. 62; ECF No. 63 at 1–2. Defendant did so after entering a plea agreement with the Government that contained several relevant provisions set out in more detail below. *See* ECF No. 63. On October 11, 2018, the Court accepted the plea agreement and sentenced Defendant to 240 months' imprisonment, the minimum permitted under law because Defendant had previously been convicted of a felony drug offense. ECF No. 36 at 2; ECF No. 86 at 2; 21 U.S.C. § 841(b)(1)(A).[1] On September 23, 2019, Defendant filed this *pro se* motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 90.

## LEGAL STANDARD

Under § 2255, a prisoner incarcerated pursuant to the judgment of a federal court may move the sentencing court to vacate, set aside, or correct the sentence

---

[1] As set out below, the version of 21 U.S.C. § 841(b)(1)(A) in effect at the time of Defendant's sentencing prescribed a mandatory twenty-year sentence for a controlled substances violation in which the Defendant had previously been convicted of another controlled substances felony, though that provision was amended in late 2018 to reduce the mandatory minimum sentence to fifteen years.

because it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

On receipt of such a motion, the Court must perform a preliminary review of the bases it sets forth and the relief it requests. The Court may dismiss a prisoner's § 2255 motion without service on the Government, without an evidentiary hearing, and without entering findings of fact and conclusions of law if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). In deciding whether the Court must summarily dismiss a § 2255 motion, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). The Court must liberally construe a *pro se* § 2255 motion. *Orona v. United States*, 826 F.3d 1196, 1199 (9th Cir. 2016); *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

## DISCUSSION

Defendant was sentenced after he pled guilty pursuant to a plea agreement he entered with the Government. *See* ECF No. 63. As part of that agreement, Defendant agreed to the following provision:

> The Defendant . . . understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. . . . The Defendant waives his right to appeal his sentence if he is sentenced to a term of imprisonment within the applicable advisory sentencing guideline range as determined by the Court.
>
> The Defendant . . . expressly[] waives his right to file any post-conviction motion attacking his conviction and sentence, *including a motion pursuant to 28 U.S.C. § 2255*, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

*Id.* at 11–12 (emphasis added).

A criminal defendant who enters into a plea agreement may, by doing so, prospectively waive his right to appeal or collaterally attack his sentence or conviction. *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009). Such an appeal waiver is, however, only valid to the extent it is "knowingly and voluntarily made." *Id.* (quoting *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004)). Defendant does not argue that his waiver of the right to appeal or seek post-conviction relief was involuntary or made without understanding of its consequences, and the Court's independent review of the record discloses no basis that would support that conclusion. Accordingly, the Court must evaluate each of the two grounds for relief set forth in the petition to determine whether they are foreclosed by the appeal waiver.

A.  **Ineffective Assistance of Counsel**

Defendant first argues that his attorneys were ineffective in failing to advise him about legislation pending at the time he was sentenced, namely the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5194–249 (2018) ("First Step Act"). Among other criminal justice reforms, the First Step Act reduced, from twenty years to fifteen years, the mandatory minimum penalty for certain drug crimes where the defendant had previously been convicted of "a serious drug felony or serious violent felony." *See id.* at 132 Stat. 5220 (codified at 21 U.S.C. § 841(b)(1)(A)). The First Step Act was signed into law on December 21, 2018, approximately two months and one week after Defendant was sentenced under the earlier, twenty-year recidivist provision. *See id.* at 132 Stat. 5194. Defendant would likely have benefited from the reduced mandatory minimum penalty if he was sentenced after the First Step Act was signed into law. *Id.* at 132 Stat. 5221 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). He argues that his attorneys were ineffective in failing to advise him about the First Step Act and in failing to seek a continuance of sentencing until the law took effect. ECF No. 90 at 4, 12–16.

As an initial matter, the Court finds the first ground of the petition is not

foreclosed by the appellate waiver in Defendant's plea agreement, which specifically exempted claims of ineffective assistance of counsel "based on information not [then] known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court impose[d] the sentence." ECF No. 63 at 11–12. Defendant credibly contends he had no access to news of current events while incarcerated prior to sentencing and thus his attorneys were the only potential conduit of information that pending legislation could inure to his benefit. *See* ECF No. 90 at 12–13. Accordingly, the Court finds this argument is premised on information Defendant could not, in the exercise of reasonable diligence, have known at the time he pled guilty or before sentencing, and the Court proceeds to evaluate the merits of the argument.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970); *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). To establish that defense counsel provided ineffective assistance, the defendant must show "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to show either element defeats the claim. *Id.* at 697.

Deficient performance occurs if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This standard requires

"reasonableness under prevailing professional norms" and "in light of all the circumstances." *Id.* at 688, 690. The defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To do so, the defendant must show counsel's performance cannot be explained as a legitimate strategic or tactical decision. *Id.* Prejudice occurs if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. This standard requires evaluating the totality of the record. *Id.* at 695.

Though the Court is aware of no controlling precedent on the issue raised by the first ground of the petition, those courts that have considered it have uniformly concluded that a defense attorney is not deficient in failing to anticipate a change in the law. *See Lopez v. Candelaria*, 19 F. App'x 649, 650 (9th Cir. 2001) (memorandum disposition) ("An inaccurate statement about the effect of a change in law that may or may not come to pass does not constitute a 'gross mischaracterization of the likely outcome' worthy of habeas corpus relief."); *Howard v. Gittere*, 392 F. Supp. 3d 1205, 1213 (D. Nev. 2019) (citing *Pinkston v. Foster*, 506 F. App'x 539, 542 (9th Cir. 2013)) ("Counsel's failure to anticipate a change in the law does not constitute ineffective assistance of counsel."); *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) (collecting cases) ("[T]he case law is clear that an attorney's assistance is not rendered ineffective because

he failed to anticipate a new rule of law."); *Ballard v. United States*, 400 F.3d 404, 408 (6th Cir. 2005) (citing *Johnson v. United States*, 520 U.S. 461, 468 (1997)) ("[W]hile we do not require attorneys to foresee changes in the law, once a change—particularly an important and relevant change—does come about, we do expect counsel to be aware of it."); *cf. Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (citing *McMann v. Richardson*, 397 U.S. 759, 770 (1970); *Wellnitz v. Page*, 420 F.2d 935, 936 (10th Cir. 1970) (per curiam)) (inaccurate prediction concerning sentencing not ineffective assistance).

Furthermore, numerous district courts around the country have rejected similar claims of ineffective assistance of counsel based on the failure to seek a continuance of sentencing to secure the benefit of new legislation, specifically where the legislation reduced an applicable mandatory minimum. *See United States v. Frazier*, Case No. 09-0029-JJB-RLB, 2015 WL 5595611, at *5 (M.D. La. Sept. 21, 2015) (collecting cases) (rejecting claim of ineffective assistance of counsel for not seeking to continue sentencing six days before more lenient mandatory minimum penalty signed into law).

The Court finds the reasoning of these cases persuasive and, having considered the totality of the record, cannot conclude the failure of Defendant's attorneys to request a continuance of the sentencing hearing was deficient, even if that failure resulted in a significantly greater sentence for Defendant. While in

hindsight it may appear obvious that requesting a continuance could have benefited Defendant, it is never so easy to predict the future as it is to conclude the past was predictable. In nearly every one of the last twenty-three sessions of Congress, more than ten thousand bills have been introduced, only a fraction of which eventually become law. *See* GovTrack, *Statistics and Historical Comparison*, https://www.govtrack.us/ congress/bills/statistics (last visited April 8, 2020). Thus only in retrospect does the fact that the First Step Act would become law seem certain.

For the same reason, it is difficult to determine the logical end of the rule Defendant would have the Court adopt. The vast majority of pending legislation fails at some step of the process, and it would be nearly impossible for an attorney to determine at what point of that process the obligation of professional competence would require them to become familiar with the legislation, advise their client accordingly, or seek a continuance to secure the benefit of the change. And in any event, it is doubtful the Court would have been receptive to a request to delay sentencing by—at minimum—more than two months based solely on Defendant's desire to be sentenced under a more favorable statutory scheme, the enactment of which was at that point only a possibility. As such, the Court cannot conclude that Defendant's attorneys "fell below an objective standard of reasonableness," and Defendant is accordingly entitled to no relief on the first

ground of his petition. *Strickland*, 466 U.S. at 688.

**B.    Failure to argue for reduced charge**

Defendant next appears to claim that his attorneys failed to advocate for some form of reduction in count two of the indictment, charging possession with intent to distribute fifty grams or more of actual (pure) methamphetamine to the less harsh possession with intent to distribute a substance or mixture containing a detectable amount of methamphetamine. *See* ECF No. 90 at 5. Defendant appears to indicate that his attorneys told him "some . . . district judges were changing the charging statute[]s . . . thereby[] significantly reducing sentencing levels." *Id.* Defendant argues his attorneys failed to "present or offer argument" on this point and thus acted ineffectively in "failing to present/offer/preserve the strongest issue that would have been available" in his "direct appeal or preserve them for any type of 'collateral review.'" *Id.*

It is not clear, from the face of the petition, how Defendant alleges his attorneys' performance was deficient. The petition can be read to assert that Defendant's attorneys should have sought some manner of reduction in the seriousness of the offense with which Defendant was charged, or for a reduction in the calculation of Defendant's guideline sentencing range, or that they should have challenged the evidence underlying the indictment. But regardless of the precise dimensions of Defendant's argument, it is clearly foreclosed by the

appellate waiver provision in the plea agreement. Whatever argument Defendant contends his attorneys should have presented to the Court, he admits they "brought [it] up to him," and in pleading guilty, Defendant acknowledged he would be sentenced to at least the twenty-year mandatory minimum applicable to possession with intent to distribute actual (pure) methamphetamine with a recidivism enhancement. ECF No. 63 at 9. Thus, however Defendant's argument is construed, it is clearly based on information he knew at the time he pled guilty or on information he could have, in the exercise of reasonable diligence, discovered before he was sentenced. Because Defendant voluntarily waived the right to later raise such an argument, including in a motion such as this one, he is entitled to no relief.

C. **A certificate of appealability shall issue as to the first ground only**

An unsuccessful petitioner under 28 U.S.C. § 2255 may only appeal the district court's adverse ruling after obtaining a "certificate of appealability" from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should issue only where the petitioner "has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). Such a showing is made when the Court determines "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"

*Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

As to the first ground for relief, the Court concludes reasonable jurists could, in fact, debate whether the motion should have been resolved differently. As set out above, the case law supports the Court's conclusion that an attorney's failure to anticipate a potentially beneficial change in the law does not amount to ineffective assistance. Even so, the Court is aware of no binding precedent within this circuit to that effect, and the Court concludes the issue presented is adequate to warrant review by the Court of Appeals, should Defendant wish to do so. As to the second ground for relief, the Court cannot conclude Defendant has made the showing required for a certificate of appealability, and none shall issue.

## CONCLUSION

Having reviewed the motion and the record in this matter, the Court finds Defendant is entitled to no relief. As to the first ground for relief, the Court concludes an attorney does not render ineffective assistance by failing to anticipate changes in the law, including from pending legislation, or to seek to delay a defendant's sentencing to secure the benefit of such a change. And the Court finds that however the second ground for relief is construed, it is based on information Defendant knew or should have known at the time he pled guilty or was sentenced, and was therefore waived as part of the plea agreement. As such,

Defendant is entitled to no relief, and the motion is dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **ECF No. 90**, is **DISMISSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, enter judgment, provide copies to Defendant, and close the file. The Court certifies that as to the first ground in the petition, Defendant has made a substantial showing of a constitutional deprivation because reasonable jurists could debate whether the motion should be resolved in a different manner, though he has failed to make that showing as to the second ground. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A certificate of appealability is therefore **GRANTED IN PART** as to ground one, **ECF No. 90 at 4**, and **DENIED IN PART** as to ground two, **ECF No. 90 at 5**.

**DATED** this 9th day of April 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge